IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRANKO MAJSTORIC,

      Plaintiff,                 No. 2:11-cv-2006 KJN P

    vs.

SACRAMENTO COUNTY
SHERIFF'S DEPT., et al.,

      Defendants.         <u>ORDER</u>

                         /

        Plaintiff is a Sacramento County Jail inmate, proceeding without counsel, and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302. By order filed September 13, 2011, plaintiff was ordered to provide forms for service of process, or delay service of process and attempt to amend the complaint. On October 6, 2011, plaintiff filed an amended complaint. (Dkt. No. 10.)

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

1

granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

First, plaintiff's amended complaint is not on this court's form, and therefore does not provide the information necessary to proceed in this case. Although plaintiff renews his claim that defendant Tomen "illegally tazed, assaulted, and searched [plaintiff], and broke [his] jaw," plaintiff does not include the details alleged in the original complaint, including the date of

the alleged incident. Plaintiff will be granted leave to amend to include the allegations pled in the original complaint. Plaintiff should also include his statement that a judge dismissed all charges based on the allegedly illegal search and seizure.[1] Public state court records reflect plaintiff is housed in the Sacramento County Jail, cross reference number 1294266, pending felony criminal charges for, inter alia, possession for sale of a controlled substance, in violation of California Health & Safety Code § 11378, and sale of ammunition, in violation of California Penal Code § 12316(B)(1).[2] Plaintiff's trial is presently set for November 22, 2011.

Second, plaintiff attempts to state a claim against the Sacramento County Sheriff's Department. Plaintiff alleges that he was illegally held after his allegedly illegal arrest, and required to pay $130,000.00 bail, for which plaintiff seeks reimbursement. However, plaintiff does not set forth what constitutional rights he claims these alleged actions violated. Rather, it appears plaintiff is attempting to raise state law claims against the Sacramento County Sheriff's Department. But plaintiff's allegation is vague and conclusory, and does not place defendant on notice of what state laws plaintiff alleges were violated.

Moreover, California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the

---

[1] Plaintiff is cautioned that if he was convicted of an offense as a result of this incident, he may not challenge the lawfulness of the conviction under section 1983. When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Wilkinson v. Dotson, 544 U.S. 74 (2005). When seeking relief for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 487-88 (1994). "A claim . . . bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 488.

[2] This information was obtained from the Superior Court of California, County of Sacramento, Court Index System, https://services.saccourt.com/ indexsearchnew/ CriminalSearchV2.aspx (accessed October 17, 2011).

1 cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2. Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act. State v. Superior Court, 32 Cal.4th at 1245, 13 Cal.Rptr.3d at 543; Mangold, 67 F.3d at 1477.

Here, plaintiff failed to allege compliance with the Tort Claims Act in the amended complaint. Because plaintiff has failed to allege compliance with the Tort Claims Act, these claims are dismissed for failure to state a claim, but the dismissal will be without prejudice should plaintiff be able to demonstrate timely filing of the tort claims. However, if plaintiff is unable to allege compliance with the Torts Claim Act, plaintiff may elect to proceed on the original complaint as to defendant Tomen only. If plaintiff chooses to proceed on the original complaint, the election will be deemed as plaintiff's consent to the dismissal of the Sacramento County Sheriff's Department, and plaintiff should submit the service forms as required by this court's September 13, 2011 order.

The court finds the allegations in plaintiff's amended complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the amended complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiffs claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the amended complaint must be dismissed. The court will, however, grant leave to file a second amended complaint.

////

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976). Also, the amended complaint must allege in specific terms how each named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is hereby informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 220 requires that a second amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, a second amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a second amended complaint, the original pleading no longer serves any function in the case. Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed.

2. The Clerk of the Court is directed to send plaintiff the form for filing a civil rights complaint pursuant to 42 U.S.C. § 1983.

3. Plaintiff may choose one of the following options:

    A. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

        i. The completed Notice of Amendment; and

////

           ii. An original and one copy of the Second Amended Complaint. Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

        Or,

        B. Plaintiff may elect to proceed on the original complaint. If plaintiff chooses this option, he shall so indicate on the Notice of Amendment and provide the service documents identified in this court's September 13, 2011 order. If plaintiff chooses this option, plaintiff's election will be viewed as his consent to dismiss the Sacramento County Sheriff's Department as a defendant.

        4. Failure to timely comply with this order may result in the dismissal of this action.

DATED: October 18, 2011

                                   KENDALL J. NEWMAN
                                   UNITED STATES MAGISTRATE JUDGE

majs2006.14

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRANKO MAJSTORIC,

     Plaintiff,                    No. 2:11-cv-2006 KJN P

     vs.

SACRAMENTO COUNTY
SHERIFF'S DEPT., et al.,

     Defendants.             NOTICE OF SUBMISSION OF DOCUMENTS

_____/

     Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

        _____ completed summons form

        _____ completed forms USM-285

        _____ copies of the _____
                           Original Complaint

        _____ Plaintiff consents to the dismissal of defendant Sacramento County Sheriff's Department without prejudice.

    OR

        _____ Plaintiff opts to file a second amended complaint and delay service of process.

Dated:

                                            _____
                                            Plaintiff