1

2

3

4

5

6

7

8                       IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10   BRANKO MAJSTORIC,

11              Plaintiff,                   No.  2:11-cv-2006 KJN P

12        vs.

13   SACRAMENTO COUNTY
     SHERIFF'S DEPT., et al.,
14

15              Defendants.                  ORDER

16   _____/

17              Plaintiff is a Sacramento County Jail inmate, proceeding without counsel, and in

18   forma pauperis.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983.  This proceeding was

19   referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.  By order filed

20   September 13, 2011, plaintiff was ordered to provide forms for service of process, or delay

21   service of process and attempt to amend the complaint.  On October 6, 2011, plaintiff filed an

22   amended complaint.  (Dkt. No. 10.)

23              The court is required to screen complaints brought by prisoners seeking relief

24   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

25   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

26   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

                                            1

1  granted, or that seek monetary relief from a defendant who is immune from such relief.

2  28 U.S.C. § 1915A(b)(1),(2).

3        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

4  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

5  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

6  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

7  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

8  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

9  Cir. 1989); Franklin, 745 F.2d at 1227.

10       Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

11  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

12  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

13  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

14  (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more

15  than "a formulaic recitation of the elements of a cause of action;" it must contain factual

16  allegations sufficient "to raise a right to relief above the speculative level."  Id.  However,

17  "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair

18  notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551

19  U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal

20  quotations marks omitted).  In reviewing a complaint under this standard, the court must accept

21  as true the allegations of the complaint in question,  id., and construe the pleading in the light

22  most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

23       First, plaintiff's amended complaint is not on this court's form, and therefore does

24  not provide the information necessary to proceed in this case.  Although plaintiff renews his

25  claim that defendant Tomen "illegally tazed, assaulted, and searched [plaintiff], and broke [his]

26  jaw," plaintiff does not include the details alleged in the original complaint, including the date of

1   the alleged incident.  Plaintiff will be granted leave to amend to include the allegations pled in

2   the original complaint.  Plaintiff should also include his statement that a judge dismissed all

3   charges based on the allegedly illegal search and seizure.[1]  Public state court records reflect

4   plaintiff is housed in the Sacramento County Jail, cross reference number 1294266, pending

5   felony criminal charges for, inter alia, possession for sale of a controlled substance, in violation

6   of California Health & Safety Code § 11378, and sale of ammunition, in violation of California

7   Penal Code § 12316(B)(1).[2]  Plaintiff's trial is presently set for November 22, 2011.

8          Second, plaintiff attempts to state a claim against the Sacramento County Sheriff's

9   Department.  Plaintiff alleges that he was illegally held after his allegedly illegal arrest, and

10  required to pay $130,000.00 bail, for which plaintiff seeks reimbursement.  However, plaintiff

11  does not set forth what constitutional rights he claims these alleged actions violated.  Rather, it

12  appears plaintiff is attempting to raise state law claims against the Sacramento County Sheriff's

13  Department.  But plaintiff's allegation is vague and conclusory, and does not place defendant on

14  notice of what state laws plaintiff alleges were violated.

15         Moreover, California's Tort Claims Act requires that a tort claim against a public

16  entity or its employees be presented to the California Victim Compensation and Government

17  Claims Board, formerly known as the State Board of Control, no more than six months after the

18

19         [1]  Plaintiff is cautioned that if he was convicted of an offense as a result of this incident,
20  he may not challenge the lawfulness of the conviction under section 1983.  When a prisoner
    challenges the legality or duration of his custody, or raises a constitutional challenge which could
21  entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus.  Wilkinson v.
    Dotson, 544 U.S. 74 (2005).  When seeking relief for an allegedly unconstitutional conviction or
22  imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed
    on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to
23  make such determination, or called into question by a federal court's issuance of a writ of habeas
    corpus, 28 U.S.C. § 2254."  Heck v. Humphrey, 512 U.S. 477, 487-88 (1994).  "A claim . . .
24  bearing that relationship to a conviction or sentence that has not been so invalidated is not
    cognizable under § 1983."  Id. at 488.

25         [2]  This information was obtained from the Superior Court of California, County of
26  Sacramento, Court Index System, https://services.saccourt.com/ indexsearchnew/
    CriminalSearchV2.aspx (accessed October 17, 2011).

1 cause of action accrues.  Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2.  Presentation of

2 a written claim, and action on or rejection of the claim are conditions precedent to suit.  State v.

3 Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245 (2004); Mangold v. California

4 Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995).  To state a tort claim against a public

5 employee, a plaintiff must allege compliance with the Tort Claims Act.  State v. Superior Court,

6 32 Cal.4th at 1245, 13 Cal.Rptr.3d at 543; Mangold, 67 F.3d at 1477.

7       Here, plaintiff failed to allege compliance with the Tort Claims Act in the

8 amended complaint.  Because plaintiff has failed to allege compliance with the Tort Claims Act,

9 these claims are dismissed for failure to state a claim, but the dismissal will be without prejudice

10 should plaintiff be able to demonstrate timely filing of the tort claims.  However, if plaintiff is

11 unable to allege compliance with the Torts Claim Act, plaintiff may elect to proceed on the

12 original complaint as to defendant Tomen only.  If plaintiff chooses to proceed on the original

13 complaint, the election will be deemed as plaintiff's consent to the dismissal of the Sacramento

14 County Sheriff's Department, and plaintiff should submit the service forms as required by this

15 court's September 13, 2011 order.

16       The court finds the allegations in plaintiff's amended complaint so vague and

17 conclusory that it is unable to determine whether the current action is frivolous or fails to state a

18 claim for relief.  The court has determined that the amended complaint does not contain a short

19 and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a

20 flexible pleading policy, a complaint must give fair notice and state the elements of the claim

21 plainly and succinctly.  Jones v. Cmty Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

22 Plaintiff must allege with at least some degree of particularity overt acts which defendants

23 engaged in that support plaintiffs claim.  Id.  Because plaintiff has failed to comply with the

24 requirements of Fed. R. Civ. P. 8(a)(2), the amended complaint must be dismissed.  The court

25 will, however, grant leave to file a second amended complaint.

26 ////

1      If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

2   conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.

3   Rizzo v. Goode, 423 U.S. 362, 371 (1976).  Also, the amended complaint must allege in specific

4   terms how each named defendant is involved.  Id.  There can be no liability under 42 U.S.C.

5   § 1983 unless there is some affirmative link or connection between a defendant's actions and the

6   claimed deprivation.  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy,

7   588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official

8   participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266,

9   268 (9th Cir. 1982).

10      In addition, plaintiff is hereby informed that the court cannot refer to a prior

11  pleading in order to make plaintiff's second amended complaint complete.  Local Rule 220

12  requires that a second amended complaint be complete in itself without reference to any prior

13  pleading.  This requirement exists because, as a general rule, a second amended complaint

14  supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once

15  plaintiff files a second amended complaint, the original pleading no longer serves any function in

16  the case.  Therefore, in a second amended complaint, as in an original complaint, each claim and

17  the involvement of each defendant must be sufficiently alleged.

18      Accordingly, IT IS HEREBY ORDERED that:

19      1.  Plaintiff's amended complaint is dismissed.

20      2.  The Clerk of the Court is directed to send plaintiff the form for filing a civil

21  rights complaint pursuant to 42 U.S.C. § 1983.

22      3.  Plaintiff may choose one of the following options:

23      A.  Within thirty days from the date of this order, plaintiff shall complete

24  the attached Notice of Amendment and submit the following documents to the court:

25      i.  The completed Notice of Amendment; and

26  ////

1           ii.  An original and one copy of the Second Amended Complaint.

2    Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

3    Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must

4    also bear the docket number assigned to this case and must be labeled "Amended Complaint."

5           Or,

6           B.  Plaintiff may elect to proceed on the original complaint.  If plaintiff

7    chooses this option, he shall so indicate on the Notice of Amendment and provide the service

8    documents identified in this court's September 13, 2011 order.  If plaintiff chooses this option,

9    plaintiff's election will be viewed as his consent to dismiss the Sacramento County Sheriff's

10   Department as a defendant.

11          4.  Failure to timely comply with this order may result in the dismissal of this

12   action.

13   DATED:  October 18, 2011

14

15                             _____

16                           KENDALL J. NEWMAN
                             UNITED STATES MAGISTRATE JUDGE

17   majs2006.14

18

19

20

21

22

23

24

25

26

1

2

3

4

5

6                            IN THE UNITED STATES DISTRICT COURT

7                          FOR THE EASTERN DISTRICT OF CALIFORNIA

8    BRANKO MAJSTORIC,

9              Plaintiff,                        No.  2:11-cv-2006 KJN P

10        vs.

11   SACRAMENTO COUNTY
     SHERIFF'S DEPT., et al.,

12
               Defendants.                      NOTICE OF SUBMISSION OF DOCUMENTS

13

14   _____/

15             Plaintiff hereby submits the following documents in compliance with the court's

16   order filed _____:

17             _____        completed summons form

18             _____        completed forms USM-285

19             _____        copies of the _____
                                          Original Complaint
20

21             _____   Plaintiff consents to the dismissal of defendant
                       Sacramento County Sheriff's Department without
22                     prejudice.

23        OR

24             _____   Plaintiff opts to file a second amended complaint and delay service of
                       process.
25

26   Dated:


                           _____
                                       Plaintiff